UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.  2:88-cr-31-FtM-29DNF
 2:89-cr-32-FtM-29

CARLOS GARCIA
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Carlos Garcia's Motion for Writ of Error Coram Nobis (Doc. #548 in Case No. 2:88-cr-31; Doc. #294 in Case No. 2:89-cr-32) filed on August 16, 2011. The United States filed a Response (Docs. #551 and #297 respectively) on September 16, 2011.[1] For the reasons set forth below, the Court denies the motion.

**I.**

Over twenty years ago, defendant Carlos Garcia (defendant or Garcia) pled guilty in three drug cases. Garcia was sentenced, served his sentence, and is no longer in custody or under supervised release. Garcia alleges that on December 22, 1992, an immigration detainer was placed on him alleging that he was deportable based upon these convictions. In May 2009, an immigration judge ordered petitioner deported. Garcia now seeks to vacate his convictions, asserting that his attorney failed to

---

[1] The same motion was filed in a third case, Case No. 2:90-cr-59-FtM, which is assigned to Judge Kovachevich.

advise him of the collateral immigration consequences of his guilty plea, as is now required by Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

**II.**

Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). Procedurally, the request for the writ is filed as a motion in the criminal case, not as a separate civil action. United States v. Morgan, 346 U.S. 502, 505 n.4 (1954). Whether to grant a writ of coram nobis is committed to the sound discretion of the district court. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).

The authority to grant a writ of coram nobis is, however, extremely limited. A writ of coram nobis "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203; United States v. Mosavi, 138 F.3d 1365, 1366 n.1 (11th Cir. 1998); United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992). The standard for coram nobis relief is high, with the court's jurisdiction being limited to review of errors of fact of the most fundamental character when no other remedy is available or adequate. United States v. Addonizio, 442 U.S. 178, 186 (1979); Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29.

To be entitled to a writ of coram nobis, petitioner must show: (1) he was not in custody at the time he filed the petition, United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002); United States v. Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997); (2) there is and was no other available and adequate avenue of relief, Alikhani, 200 F.3d at 734; Mills, 221 F.3d at 1204; (3) the error alleged "[i]nvolves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani, 200 F.3d at 734 (citing Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989); and (4) there are sound reasons for failing to seek relief earlier. Mills, 221 F.3d at 1204.

### III.

It is undisputed that defendant satisfies the first requirement. Defendant has completed his term of imprisonment and supervised release and is not under any type of judicial supervision in connection with this case. The other requirements, as discussed below, are not satisfied.

**A. Evidentiary Hearing**:

To determine the need for an evidentiary hearing, the Eleventh Circuit has utilized the same standard as applicable to habeas proceedings. United States v. Bejacmar, 217 F. App'x 919, 920-21 (11th Cir. 2007). "[I]f the petitioner alleges facts that, if

true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002)(internal quotations and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715; see also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008)(evidentiary hearing not required whenever ineffective assistance of counsel is asserted). No evidentiary hearing is necessary in this case. Assuming defendant's factual allegations are true, he is not entitled to coram nobis relief.

**B. Ineffective Assistance of Counsel Regarding Immigration Advice**:

Defendant claims that his attorney failed to inform him that he may "suffer an immigration consequence including removal or deportation from the United States to my native country Cuba. Had I known that, I would have decided to not plead guilty in this case." (Doc. #1-1.) The Court assumes this factual statement to be correct.

The issue of the ineffective assistance of counsel is not cognizable under coram nobis in this case because petitioner fails to establish that there was no other available and adequate avenue of relief available to him to raise that issue. Defendant could have raised the ineffective assistance of counsel claim in a

proceeding under 28 U.S.C. § 2255, but failed to do so. Jackson v. United States, 375 F. App'x 958, 960 (11th Cir. 2010)(because defendant could have raised claims alleging ineffective assistance of counsel under 28 U.S.C. § 2255, defendant was not entitled to writ of coram nobis). Additionally, defendant is not entitled to coram nobis relief because he failed to establish sound reasons for not seeking relief pursuant to 28 U.S.C. § 2255 on this ground. See, e.g., United States v. Bejacmar, 217 F. App'x 919, 921-22 (11th Cir. 2007). Defendant was on notice since 1992 that the immigration authorities believed he was subject to deportation, and was ordered removed in 2009.

Assuming, in the alternative, that defendant's ineffective assistance of counsel claim is cognizable under coram nobis, defendant is entitled to no relief. Defendant relies upon Padilla v. Kentucky, 130 S. Ct. 1473 (2010), which first held that because of the "unique nature of deportation" and "recent changes in our immigration law [that] have made removal nearly an automatic result for a broad class of noncitizen offenders," "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel." 130 S. Ct. at 1481, 1482. Padilla then defined the scope of a criminal defense attorney's duty to advise his or her non-citizen client about the immigration consequences of a guilty plea:

> When the law is not succinct and straightforward [ ], a criminal defense attorney need do no more than advise a

> noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

Id. at 1483 (footnote omitted). Padilla expressly rejected the notion that Strickland guarantees apply only to the active furnishing of erroneous advice about immigration consequences of a plea. As one court has summarized the rule: "A criminal defendant who faces almost certain deportation is entitled to know more than that it is possible that a guilty plea could lead to removal; he is entitled to know that it is a virtual certainty." United States v. Bonilla, 637 F.3d 980, 984 (9th Cir. 2011).

The parties disagree on whether Padilla is retroactively applicable to a case such as this, where defendant's conviction has long been final. It is clear that at the time of the guilty plea, it was not ineffective assistance for an attorney not to inform a client of the deportation consequences of his guilty plea. United States v. Campbell, 778 F.2d 764, 768-69 (11th Cir. 1985), abrogated on other grounds, Padilla v. Kentucky, 130 S. Ct. 1473 (2010). One circuit court of appeals has found Padilla to be retroactive, United States v. Orocio, 645 F.3d 630 (3d Cir. 2011), and three have found it not to be retroactive, United States v. Hernandez-Monreal, 404 F. App'x 714, 715 n.* (4th Cir. 2010); United States v. Chang Hong, No. 10-6294, ___ F.3d ___, 2011 WL 3805763 (10th Cir. Aug. 30, 2011); Chaidez v. United States, No. 10-3623, ___ F.3d ___, 2011 WL 3705173 (7th Cir. Aug. 23, 2011).

The Court agrees with the Fourth, Seventh, and Tenth Circuits, and finds that Padilla created a new legal right that is not retroactive.

Accordingly, it is now

**ORDERED**:

Defendant Carlos Garcia's Motion for Writ of Error Coram Nobis (Doc. #548 in Case No. 2:88-cr-31; Doc. #294 in Case No. 2:89-cr-32) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of October, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Hon. Judge Elizabeth A. Kovachevich